FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50435 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01271-DSF-1 |
| v. | |
| SEGUN WALDRON, AKA Patrick Miller, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 29, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and SEEBORG, District Judge.[**]

Segun Waldron appeals the district court's denial of his motion to suppress

evidence obtained as a result of a search of his vehicle, a black H2 Hummer.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

Following the denial of his motion, Waldron entered a conditional guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), but reserved the right to appeal the denial of the motion to suppress. We affirm.

"Under the automobile exception . . . police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime." *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010). "Probable cause to search is evaluated in light of the totality of the circumstances." *Id.* at 1193–94 (quoting *United States v. Pinela-Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001)) (internal quotation marks omitted). The investigating agents drew upon multiple sources to establish probable cause to search Waldron's vehicle. They had information from a reliable confidential informant that the Hummer contained contraband. *See United States v. Elliott*, 322 F.3d 710, 715–16 (9th Cir. 2003). The information was corroborated by both innocent and suspicious circumstances indicating the presence of contraband. The agents ran a trained narcotics dog around the exterior of the Hummer before searching the vehicle, and the dog gave a positive alert—indicating that it smelled narcotics. *See United States v. Cedano-Arellano*, 332 F.3d 568, 573 (9th Cir. 2003).

Based on the totality of the circumstances—the corroborated confidential informant, the dog alert, and Waldron's suspicious behavior—the district court correctly found that there was probable cause to believe that Waldron's Hummer contained evidence of drug trafficking. *See Brooks*, 610 F.3d at 1193-94.

**AFFIRMED**.